IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES R. DOWNES, #281824,   ) | |
| ) | |
|     Plaintiff,   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 2:15-CV-437-WKW |
| ) | |
| DEPT. OF CORRECTIONS, et al.,   ) | |
| ) | |
|     Defendants   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, James R. Downes ("Downes"), a state inmate, challenges actions relative to the delivery of his mail at the Easterling Correctional Facility. Downes names the Department of Corrections and the State of Alabama as two of the defendants in this cause of action.

Upon review of the complaint, the court concludes that the claims lodged against the Department of Corrections and the State of Alabama are subject to dismissal prior to service of process in accordance with the provisions of provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**II.  DISCUSSION**

The law is well-settled that the State of Alabama and its agencies, including the Alabama Department of Corrections, are absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State or its agency consents to suit, the plaintiff cannot proceed against such

---

[1] The court granted Downes leave to proceed *in forma pauperis* in this case. *Order of May 5, 2015 - Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his/her complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's complaint if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

defendant as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."). Any claims lodged by Downes against the State of Alabama and the Department of Corrections are therefore frivolous as such claims are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2] Consequently, the claims presented by Downes against both the State of Alabama and the Department of Corrections are subject to dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the State of Alabama and the Department of Corrections be summarily dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The State of Alabama and the Department of Corrections be dismissed as defendants in this cause of action.

3. This case, with respect to the claims set forth against the remaining defendants, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before July 21, 2015 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general

---

[2] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of July, 2015.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE