IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES R. DOWNES, #281824,      )
                               )
          Plaintiff,           )
                               )
     v.                        )   CIVIL ACTION NO. 2:15-CV-437-WKW
                               )
CARTER DAVENPORT, et al.,      )
                               )
          Defendants.          )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed

by James R. Downes ("Downes"), an indigent state inmate presently incarcerated at the

Easterling Correctional Facility ("Easterling").  In the complaint, Downes alleges that the

defendants have improperly handled his personal, religious and legal mail.  On June 19,

2015, Downes filed a motion for preliminary injunction (Doc. No. 3) and a document (Doc.

No. 4) construed by the court as a motion for preliminary injunction, *Order of June 19, 2015

- Doc. No. 6*, in which he seeks injunctive relief requiring the defendants to release all mail

addressed to him that is currently stored in the mail room.

The court entered an order directing the defendants to show cause why Downes'

motions for preliminary injunctive relief should not be granted.  *Order of June 19, 2015 -

Doc. No. 7*.  The defendants filed a response and supporting evidentiary materials addressing

the motions for preliminary injunction on July 30, 2015 (Doc. No. 26).   The defendants

subsequently filed additional responses to those claims relevant to issuance of preliminary

injunctive relief (Doc. No. 30, Doc. No. 40, Doc. No. 48, Doc. No. 52, Doc. No. 55, Doc.

No. 62, Doc. No. 63 and Doc. No. 64).

Upon review of the motions for preliminary injunction, the responses thereto, the

special report and various evidentiary materials filed by the defendants in support of such

report and in response to discovery requests, the court concludes that the plaintiff's motions

for preliminary injunction are due to be denied.

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion

of the district court...."  *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).  This court

may grant a preliminary injunction only if Downes demonstrates each of the following

prerequisites:  (1) a  substantial likelihood of success on the merits; (2) a substantial threat

irreparable injury will occur absent issuance of the injunction; (3) the threatened injury

outweighs the potential damage the requested injunction may cause the non-moving parties;

and (4) the injunction would not be adverse to the public interest.  *Palmer*, 287 F.3d at 1329;

*McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707

F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352

(11th Cir. 1983).  "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic

remedy not to be granted unless the movant clearly established the "burden of persuasion"'

as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

"'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III. DISCUSSION

In their responses, the defendants aver that they have handled all mail received by the plaintiff in accordance with federal law, applicable administrative regulations and standard operating procedures. Specifically, the defendants deny that they have refused to deliver religious or personal mail to the plaintiff that is properly addressed and contained in an appropriately sized envelope. The defendants further argue that they have handled mail

which is, in actuality, legal mail in an appropriate manner, i.e., all legal mail has been opened in the plaintiff's presence.  Additionally, the defendants maintain that they never received any mail addressed to the plaintiff from Carolyn Ford.  Finally, the defendants assert that no mail addressed to the plaintiff remains in the mail room.

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Downes has failed to demonstrate a substantial likelihood of success on the merits of his claims.  Downes likewise fails to establish a substantial threat that he will suffer the requisite irreparable injury absent issuance of the requested preliminary injunction.  The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendants as issuance of the injunction would have an unduly adverse affect on the ability of correctional officials to manage the daily operation of Easterling.  Finally, the public interest element of the equation is, at best, a neutral factor at this juncture.  Thus, Downes has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of preliminary injunctive relief.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motions for preliminary injunction filed by the plaintiff be DENIED.

2.  This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before November 10, 2015 the parties shall file any objections

to this Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11ᵀᴴ Cɪʀ. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 22nd day of October, 2015.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE