IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES R. DOWNES,<br>AIS #281824, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-437-WKW |
| | ) | (WO) |
| | ) | |
| CARTER DAVENPORT, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is pending before the court on a complaint filed by James R. Downes, a state inmate, in which he challenges the constitutionality of mail procedures utilized at the Easterling Correctional Facility.  Upon a liberal construction of the complaint, the motion for emergency preliminary injunction and writ of mandamus, all filed upon initiation of this action, it is clear that Downes seeks declaratory, injunctive and monetary damages for the alleged constitutional violations regarding mail delivery at Easterling.

On June 12, 2017, Downes filed an amendment to his complaint naming Warden Walter Myers, Capt. Cargill and Capt. Lawson as defendants to this case solely in their official capacities.  On July 6, 2017, these amended defendants filed a motion to dismiss in which they allege that "[t]he Plaintiff has not claimed injunctive or declaratory relief against these Defendants and argue they are therefore "due to be dismissed due to

Eleventh Amendment immunity" shielding them from monetary damages.  Doc. No. 96 at 1.

Upon review of the motion to dismiss and the pleadings filed by plaintiff, the court finds that the motion to dismiss is due to be granted in part and denied in part.

## II.  DISCUSSION

The amendment indicates that defendants Myers, Cargill and Lawson are now responsible for ensuring the proper delivery of mail at Easterling.  Consequently, these defendants would be responsible for the implementation of any declaratory or injunctive relief entered in favor of Downes.  "[W]hen officials sued in [their official] capacity in federal court die or leave office, their successors automatically assume their roles in the litigation."  *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991). Thus, with respect to Downes' claims against any original defendant no longer employed at Easterling, the amended defendants are the appropriate defendants regarding the official capacity claims presented in the complaint.  As to the individual capacity claims lodged against the original defendants, those correctional officials remain proper defendants.  *Walton ex rel. R.W. v. Montgomery County Bd. of Educ.*, 371 F. Supp. 2d 1318, 1320 n.1 (M.D. Ala. 2005) (finding that new official properly substituted for official capacity claim but not for individual capacity claim).

Insofar as Downes seeks monetary damages from defendants Myers, Cargill and Lawson, he is due no relief.  The law is well-settled that official capacity lawsuits are "in all respects other than name, . . . treated as a suit against the entity."  *Kentucky v.*

2

*Graham*, 473 U. S. 159, 166 (1985).  "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996).  Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity.  Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, defendants Myers, Cargill and Lawson are entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from them in their official capacities.  *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994); *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

### III.  CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that:

1.  To the extent the plaintiff seeks declaratory and injunctive relief for the alleged violations of his constitutional rights, the motion to dismiss filed by defendants Myers, Cargill and Lawson be DENIED.

2. With respect to the plaintiff's request for monetary damages from defendants Myers, Cargill and Lawson, the motion to dismiss be GRANTED.

3. The claims for monetary damages against defendants Myers, Cargill and Lawson be dismissed with prejudice.

4. This case, as to all remaining claims for relief, be referred back to the undersigned for further proceedings.

It is further

ORDERED that on or before July 28, 2017 the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 12th day of July, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE