IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES R. DOWNES, <br> AIS # 281824, <br><br> Plaintiff, <br><br> v. <br><br> CARTER DAVENPORT, Warden, <br> WARDEN CARTER, LT. WOODS, <br> MRS. BLAKELY, Mail Clerk, <br> JEFFERSON S. DUNN, WALTER <br> MYERS, Warden, in his official <br> capacity, CAPT. CARGILL, in his <br> official capacity, and CAPTAIN <br> LAWSON, in his official capacity. <br><br> Defendants. | CASE NO. 2:15-CV-437-WKW <br> [WO] |

## **ORDER**

Before the court are the Magistrate Judge's Recommendation (Doc. # 104) and Plaintiff's objections to that Recommendation. (Doc. # 105). The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection was made. *See* 28 U.S.C. § 636(b). As explained below, the Recommendation is due to be adopted in large part, but the court declines to adopt Part VI.B, and this case is referred back to the Magistrate Judge for further proceedings.

In finding that Defendant Sharon Blakely was entitled to summary judgment on Plaintiff James Downes's § 1983 claim alleging a violation of his First Amendment right to receive hardback books, the Magistrate Judge appears to find both that there was no constitutional violation and that, even if there were, Blakely is entitled to qualified immunity because there was no violation of clearly established law. (*See* Doc. # 104, at 18–19.) However, the court cannot, at this point, conclude that there was no constitutional violation by either Blakely or another defendant empowered with developing policies about hardback books. *See Daker v. Warren*, 660 F. App'x 737, 744–46 (11th Cir. 2016) (questioning whether such a ban in a Georgia prison was reasonably related to legitimate penological interests); (*see also* Doc. # 30-1 ("Hard back books are not allowed per the Institutional Warden.").) The court agrees, because such a rule of law was not clearly established, if ever, at the time of the potential violation, Blakely is entitled to qualified immunity and, therefore, summary judgment as to *monetary* claims against her in her individual capacity.

Additionally, the Magistrate Judge concluded that Plaintiff's request for *injunctive* relief is moot because the prison no longer has Downes's hardcover book. (*See* Doc. # 104, at 19.) This, however, is not clear from the record. The cited portions of the record indicate only that the box containing a book was destroyed by October 16, 2015, as to prevent Blakely from discovering who sent it at that time.

(Doc. # 75-1.) In fact, Blakely said the book *was* in the mailroom as of September 14, 2015, (Doc. # 63-1), though she also said none of Downes's mail was in the mailroom as of August 18, 2015. (Doc. # 40.) Based on this record, the court cannot find that this claim is moot as a matter of law. Moreover, even if Downes's book is lost, his complaint, liberally construed, requests that incoming mail, including hardcover books, be delivered to him. (*See* Doc. # 4, at 4–5.) Should the Magistrate Judge find that the ban on hardcover books—if such a ban is in place—is unconstitutional, Downes may be entitled to prospective injunctive relief, and such a claim does not appear to be moot as a matter of law.

The remainder of Downes's objections are without merit, and Defendants are entitled to summary judgment on all other claims. Accordingly, it is ORDERED that:

1. The Recommendation of the Magistrate Judge (Doc. # 104) is ADOPTED as to all parts other than Part VI.B;

2. Defendants' motion to dismiss under 42 U.S.C. § 1997e(a) is DENIED;

3. Defendant's motion for summary judgment is DENIED as to injunctive relief on Downes's First Amendment claims related to the receipt of hardback books;

4. Defendants' motion for summary judgment is GRANTED as to Downes's First Amendment claims related to his legal mail; his due process claims

3

related to lost, delayed, or destroyed mail; his access-to-courts claim; his claim related to his receipt or religious materials, and all other claims.

5. This action, as to the remaining claim for injunctive relief, is REFERRED back to the Magistrate Judge for further proceedings.

DONE this 28th day of March, 2018.

                                        /s/ W. Keith Watkins
                                CHIEF UNITED STATES DISTRICT JUDGE